UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY RENTSCHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16CV01162 AGF |
| | ) | |
| ELIZABETH YUCKNUT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter before the Court is on Plaintiff Stacey Rentschler's motion to remand the case to Missouri state court. For the reasons set forth below, the motion to remand shall be denied.

Plaintiff commenced this action in state court on September 22, 2015. She alleged that she was injured in a motor vehicle accident on October 27, 2013, caused by Defendant's negligence, and sought past and future medical expenses for injuries to various parts of her body, as well as lost wages. Plaintiff alleged past wage loss of $7,397.72, and asked for "judgment against Defendant in such sum in excess of Twenty Five Thousand Dollars ($25,000) not to exceed Seventy Five Thousand Dollars ($75,000)."

On July 15, 2016, Defendant filed a Notice for Removal with this Court, asserting that this Court had original jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332. That section gives federal district courts original jurisdiction over all civil actions in

which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Defendant asserted that the Notice of Removal was timely under 28 U.S.C. § 1446(b)(3), which provides that a Notice of Removal may be filed within 30 days after receipt by a defendant of "other paper" from which it may first be ascertained that the case is one which has become removable, because it was not until Plaintiff's deposition dated June 15, 2016, that Plaintiff disclosed that she was seeking approximately $84,000 in lost wages, through the date of the deposition.  The excerpt of this deposition (Doc. No. 1-3) submitted by Defendant supports this contention.  It is undisputed that Plaintiff and Defendant are citizens of different states.

On July 19, 2016, Plaintiff moved to remand the case to state court on the ground that the Notice of Removal was untimely because she had not filed "any amended pleading, motion, order or other paper" from which it could be ascertained that the case became removable.  She points to the state court petition which "clearly states that she is limiting her recovery" to $25,000 to $75,000.  Plaintiff did not challenge Defendant's construction of Plaintiff's June 15, 2016 deposition testimony, nor did she argue that before the deposition, Defendant had reason to know that Plaintiff's lost wages claim involved more than $75,000.  Defendant responded that a deposition is "other paper" for purposes of § 1446(b)(3).

Defendant is correct that a deposition constitutes "other paper" for purposes of § 1446(b)(3).  *See, e.g., Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) (citing 14C Wright & Miller, Federal Practice & Procedure § 3731 (4th ed.)); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002).  As noted above, a fair reading of

Plaintiff's June 15, 2016 deposition indicates that the amount in controversy in this case exceeds $75,000. Because it is undisputed that this was Defendant's first notice that the amount in controversy exceeded the jurisdictional minimum, Defendant's Notice of Removal was timely. Further, under Missouri law, Plaintiff's prayer for relief is not controlling, and what has been filed in this case would not foreclose Plaintiff from seeking or accepting in excess of $75,000. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001). As such, this Court has jurisdiction under 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. (Doc. No. 4.)

                                                                       _____
                                                                       AUDREY G. FLEISSIG
                                                                       UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2016.